IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSHUA MICHAEL HUGHES and ) | Case No. 04-61685 |
| CHRISTIE DAWN HUGHES, ) | |
| ) | |
| Debtors. ) | |

## MEMORANDUM OPINION

Debtor Christie Dawn Hughes claimed an exemption in the remaining payments due under an annuity issued by Metropolitan Life Insurance Company (the Annuity). The Chapter 7 trustee filed an objection to debtors' claim of exemption and requested turnover of the Annuity. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will sustain the trustee's objection and order Ms. Hughes to turn over the Annuity to the trustee.

## FACTUAL BACKGROUND

In 1988, while still a minor, Ms. Hughes was bitten by a dog. On February 17, 1988, the Circuit Court of Pulaski County, Missouri, Probate Division, approved a settlement and ordered Metropolitan Property and Liability Insurance Company to place and hold the Annuity with Metropolitan Life Insurance Company. The Annuity provided for guaranteed

payments as follows: $5000 on November 15, 1989, November 15, 1994, November 15, 1995, November 15, 1996, November 15, 1997, and November 15, 2001; $30,000 on November 15, 2006; $35,000 on November 15, 2011 and $45,000 on November 15, 2016.

On June 30, 2004, the Hughes filed this Chapter 7 bankruptcy petition. They scheduled creditors holding general unsecured claims in the amount of $12,248.48 and creditors holding priority claims in the amount of $240.00. They also scheduled the remaining payments under the annuity[1] as an asset of their bankruptcy estate and claimed them as exempt pursuant to common law and section 513.430.1(10)(e) of Missouri's Revised Statutes. The Chapter 7 trustee objected to the claim of exemption. On October 20, 2004, this Court held a hearing. The issue before the Court is whether a debtor can claim an exemption in the right to receive liquidated personal injury proceeds.

DISCUSSION

A bankruptcy estate is comprised of any and all property in which a debtor holds either a legal or equitable interest:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (C)(2) of this section, all legal and equitable interests of the debtor in

---

[1] The payments due on November 15, 2006, is now only $2000.00 as Ms. Hughes sold the right to that payment prior to filing this bankruptcy petition.

2

property as of the commencement of the case. [2]

Relying on the inclusive language of section 541(a), several courts have found that liquidated personal injury claims are property in which a debtor holds both a legal and an equitable interest and are, therefore, property of the estate.[3] Moreover, upon the filing of a bankruptcy petition, the trustee, as the representative of the estate,[4] steps into the shoes of the debtor as to any rights the debtor possessed at the time of filing,[5] I, therefore, find that Ms. Hughes' right to receive payments under the Annuity is an asset of her bankruptcy estate. Thus, the issue is whether Ms. Hughes, under either state or federal law, can exempt that right from her estate. Otherwise, the trustee, as the representative of the estate, assumes the right to future payments.

The Code permits a state to opt out of the federal bankruptcy exemption scheme.[6] The State of Missouri has exercised this option.[7] Section 513.427 of Missouri's Revised Statutes provides that:

---

[2] 11 U.S.C. § 541(a).

[3] *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir. 1984); *See also Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 *F.2d 705, 709 (9th Cir. 1986); Grochocinski v. Crossman (In re Crossman)*, 259 B.R. 301, 305 (Bankr. N.D. Ill. 2001); *In re Searcy*, 193 B.R. 895, 896 (Bankr. W.D. Mo. 1984).

[4] 11 U.S.C. § 323(a).

[5] *Nangle v. Surrat-States (In re Nangle)*, 288 B.R. 213, 218 (B.A.P. 8th Cir. 2003).

[6] 11 U.S.C. § 522(b)(1).

[7] Mo. Stat. Ann. § 513.427 (2002).

3

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).[8]

A right to claim certain property as exempt is, therefore, controlled by state law. In Missouri certain property is "exempt from attachment and execution to the extent of any person's interest therein."[9] Ms. Hughes claims her exemption under section 513.430.1(10)(e) of Missouri's Revised Statutes.

Section 513.430.1(10)(e) provides an exemption, albeit limited, as follows;

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
>
> . . .
>
> (10) Such person's right to receive:
>
> . . .
>
>> (e) Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any similar plan described, defined, or established pursuant to section 456.072, RSMo, the person's right to a participant account in any deferred compensation program offered by the state of Missouri or any of its political subdivisions, or annuity or similar plan or

---

[8]*Id.*

[9]Mo. Stat. Ann. § 513.430.1 (Supp. 2004).

4

> contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person unless:
>
> . . .
>
> C. Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, 408(A) or 409 of the Internal Revenue Code of 1986.[10]

In Missouri the exemption allowable under section 513.430.1(10)(e) is limited to payments and plans "described, defined, or established pursuant to section 456.072, R.S.Mo."[11] Section 456.072 limits the exemption to payments from "[a] trust created as part of a . . . disability or death benefit plan . . . for the exclusive benefit of employees, to which contributions are made by an employer, or participant, or both."[12] Again, this section is not applicable to proceeds, or the right to receive proceeds, from a personal injury settlement.

Missouri case law does hold that unliquidated personal injury claims are not assignable, and so are exempt, even though no specific statute says so.[13] Nevertheless, the proceeds of liquidated personal injury settlements or judgments can be assigned–and, in

---

[10] Mo. Stat. Ann. § 513.430.1(10)(e)(c) (Supp. 2004).

[11] Mo. Stat. Ann. § 513.430.1(10)(e).

[12] Mo. Stat. Ann. § 456.072 (Supp. 2004).

[13] *Scarlett v. Barnes (In re Scarlett)*, 121 B.R. 578, 580-81 (W.D. Mo. 1990); *In re Williams*, 293 B.R. 769, 771 (Bankr. W.D. Mo. 2003); *Beechwood v. Joplin-Pittsburgh Ry. Co.*, 158 S.W. 868, 870 (Mo. Ct. App. 1913).

fact, Ms. Hughes has already assigned some of her payments--and are, therefore, not exempt.[14] Thus, in *Scarlett* the Court stated, "[o]nce the unassignable claim is reduced to a money judgment, then the judgment itself may be assigned, and it is subject to attachment and execution."[15] So, the right to receive payment is an asset of the bankruptcy estate, there is no Missouri statutory provision to exempt the payments, and the right to payment is a liquidated right. The payments yet to be received from the Annuity are, therefore, not exempt under any provision of Missouri's Revised Statutes, or any principal of common law recognized by the state of Missouri.

I will sustain the trustee's objection to the Hughes' claim of exemption of the future right to payments under the Annuity and enter an Order compelling Ms. Hughes to surrender those rights. Given the small amount of scheduled claims, the trustee should consider selling only Ms. Hughes' right to receive the payments due on November 15, 2006, and November 15, 2011. Assuming the price realized is sufficient to satisfy all of the Hughes' creditors, and the expenses of administration, he will hopefully not need to invade the payment due on November 15, 2016. An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

---

[14]*Scarlett*, 121 B.R. at 580-81, n.4.

[15]*Id*.

Date: October 22, 2004

Copy to: Fred C. Moon
Lawrence E. Ray